IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 25-cv-001158-SKC-TPO

EDWARD EARL YOUNG,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, and

DENIS MCDONOUGH,

      Defendants.

---

ORDER DENYING MOTIONS FOR
JUDICIAL DISQUALIFICATION (DKTS. 50, 51)

---

This matter is before the Court on Plaintiff Edward Earl Young's duplicative Motions for Judicial Disqualification. Dkts. 50, 51. Construing these filings liberally, Plaintiff, proceeding *pro se*, requests the undersigned's recusal from this case.

## A. LEGAL PRINCIPLES

Under 28 U.S.C. § 455,

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a), (b)(1). The purpose of § 455 is to avoid "even the appearance of partiality" by the judge. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (cleaned up). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). This is an objective standard. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The judge whose impartiality is at issue need not take the factual allegations raised by the party challenging their impartiality as true, nor is the judge limited to those facts presented by the challenging party. *Hinman*, 831 F.2d at 939.

If "no reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality," the motion to recuse must be denied. *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659–60 (10th Cir. 2002) (cleaned up). Indeed, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.* at 659 (cleaned up). A judge should not recuse based on "unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939. Nor should the recusal statute "be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Bryce*, 289 F.3d at 659-60. "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993.

## B. DISCUSSION

In support of his Motion, Plaintiff argues that the undersigned "has prejudiced himself against Plaintiff, generated knowingly false defects, and acted in direct contradiction to certified evidence on the record." *See* Dkt. 51, p.1. He contends the undersigned's "continued involvement in this matter undermines the integrity of the case, prejudices Plaintiff's right to due process, and threatens the legitimacy of the judiciary itself." *Id*. In particular, Plaintiff is dissatisfied with this Court's previous Orders regarding the completion of service of process wherein the Court ordered Plaintiff to send a copy of the summons and complaint by registered or certified mail to the United States Attorney for the District of Colorado. Dkts. 34, 47. These Orders were based on the Court's review of the docket as well as Assistant United States Attorney Alicia Alvero Koski's representation that Mr. Young's certified mailings did not include copies of the summonses and complaint. Dkt. 43.

Plaintiff has not demonstrated a basis for recusal. "[B]aseless personal attacks" on a judicial officer do not mandate recusal. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff's Motion is based on his insistence that he completed service of process on Defendants and that, in its Orders, the Court has manufactured a defect to keep this litigation from proceeding.

Setting aside the fact that this Court has done nothing of the sort, Plaintiff's

discontent with the Court's Order requiring him to resend the appropriate materials to the United States Attorney's Office does not constitute a showing of bias. *See Winslow v. Lehr*, 641 F. Supp. 1237, 1241 (D. Colo. 1986) ("[T]he fact that a judge has previously rendered a decision against a party is not sufficient to show bias or prejudice."). This case was filed over nine months ago and has yet to proceed in any meaningful fashion. It is within this Court's discretion to control its own docket, and it was well within that discretion when it ordered Plaintiff to ensure that service of process was proper.

*    *    *

The Court finds that there is no basis to recuse itself from this case, and therefore, Plaintiff's Motions are respectfully denied.

DATED: January 7, 2026.

BY THE COURT:

_____
S. Kato Crews
United States District Judge